# United States District Court
# Middle District of Florida
# Orlando Division

**DANIELLE RALPH,**

            **Plaintiff,**

**-vs-**                                           **Case No. 6:09-cv-1328-Orl-19KRS**

**TARGET CORPORATION,**

            **Defendant.**

_____

# ORDER

This case is considered by the Court on the following:

1. Motion to Remand by Plaintiff Danielle Ralph (Doc. No. 12, filed Sept. 3, 2009); and

2. Response and Memorandum of Law in Opposition to Plaintiff's Motion to Remand by Defendant Target Corporation (Doc. No. 13, filed Sept. 11, 2009).

## Background

Plaintiff Danielle Ralph alleges that she was lawfully upon the premises of Defendant Target Corporation when she slipped and fell on a wet floor, sustaining bodily injuries. (Doc. No. 2, filed June 26, 2009.) Plaintiff contends that Defendant breached the duty to exercise reasonable care for her safety by negligently failing to: (1) maintain the floor, (2) inspect the floor, (3) warn Plaintiff about the danger of the floor, and (4) adequately correct the condition of the floor. (*Id.*) Plaintiff further maintains that as a direct and proximate result of this breach, she suffered bodily injuries. (*Id.*)

Plaintiff initially filed suit against Defendant in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida, seeking damages in excess of $15,000, exclusive of interest, costs, and attorney's fees. (Doc. No. 2.) Defendant timely removed this case to the Middle District of Florida on grounds of diversity jurisdiction. (Doc. No. 1, filed Aug. 4, 2009.) Plaintiff now moves to remand the case to state court, claiming the Defendant has failed to establish an amount in controversy exceeding $75,000. (Doc. No. 12.) In response, Defendant maintains that the nature of the alleged injuries, the demand letter, and the Plaintiff's failure to stipulate as to the amount in controversy, taken together, establish an amount in controversy in excess of $75,000. (Doc. No. 13.)

**Standard of Review**

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446. Once the case is removed, the plaintiff may move to remand the case to state court for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). The plaintiff may also move to remand by challenging "the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction" within thirty days of removal. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2877 (2008). (construing § 1447(c)). In either case, the defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, are insufficient. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). All uncertainties concerning removal

jurisdiction are resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

When considering a timely motion to remand for improper removal, the court must look only to the evidence in the record when the motion to remand was filed.[1]

> In assessing whether removal was proper . . . , the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive.

*Lowery*, 483 F.3d at 1213-15.[2] However, there are a few exceptions to the rule that the district court must only consider the removing documents. For example, the defendant may introduce a paper showing sufficient grounds for removal that it received after filing an insufficient notice of removal but before remand is ordered. *Lowery*, 483 F.3d at 1214 n.66. In addition, a defendant may establish the amount in controversy by introducing a contract specifying the amount owed. *Id*. The district court also has the discretion to hold a hearing on the sufficiency of the removing documents. *Id*. In summary, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of

---

[1] In contrast, if subject matter jurisdiction is challenged after the thirty-day period for challenging removal has lapsed, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Lowery*, 483 F.3d at 1213 n.64. This is because in such a situation, "the court is no longer considering the propriety of the removal, but instead, whether subject matter jurisdiction exists at all." *Id.* (citations omitted) (emphasis in original).

[2] This holding was expressly limited to diversity cases. *Lowery*, 483 F.3d at 1215 n.71.

time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

**Analysis**

Defendant Target Corporation must prove by a preponderance of the evidence the two requirements for diversity jurisdiction: complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332; *Leonard*, 279 F.3d at 972. The parties do not dispute that there is complete diversity of citizenship. Therefore, the only jurisdictional issue is whether the amount in controversy requirement is satisfied.

Plaintiff filed the Motion to Remand within thirty days of the Notice of Removal. (Doc. Nos. 1, 12.) Thus, the Court must determine if the amount in controversy is satisfied by considering only the evidence in the record at the time the Motion to Remand was filed. *Lowery*, 483 F.3d 1213 & n.64. The relevant documents in the record at that time include the Complaint, the Answer, the Notice of Removal, and their exhibits. (Doc. Nos. 1, 2, 3.) In the Complaint, Plaintiff alleges damages exceeding the sum of $15,000, the minimum amount in controversy required to establish jurisdiction in the state circuit court.[3] (Doc. No. 2 ¶ 1.) Since the amount in controversy is not facially apparent in the Complaint, the Court must look to the Notice of Removal and other evidence existing at the time of removal to determine if the jurisdictional amount is met. *Miedema v. Maytag Corp.*, 450 F.3d 1330 (11th Cir. 2006). In the Notice of

---

[3] The Complaint also maintains that the Plaintiff suffered "bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition." (Doc. No. 2 ¶ 9.)

Removal, Defendant includes as exhibits the Plaintiff's written demand letter requesting a $100,000 settlement and the Defendant's written request to stipulate that the Plaintiff's damages do not exceed $75,000. (Doc. Nos. 1-2, 3.)

Defendant argues that the nature of the Plaintiff's injuries, the demand letter for $100,000, and the Plaintiff's refusal to stipulate as to damages establish by the preponderance of the evidence that the amount in controversy exceeds $75,000.[4] (Doc. No. 13.) In response, Plaintiff argues that Defendant has not met this burden because the amount in controversy is too speculative. (Doc . No. 12). However, the demand letter states unequivocally, "[i]t is our opinion that a reasonable settlement value for Danielle Ralph's claim for bodily injuries, impairments, damages, and losses is well in excess of $100,000.00, for which we hereby make a demand." (Doc. No. 1-2.) This constitutes "legally certain evidence that Plaintiff seeks damages in excess of $75,000." *Lazo v. US Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430 (S.D. Fla. 2008) (citing *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed. App'x, 864, 866-67 (11th Cir. 2008).[5]

Plaintiff "had the opportunity to provide evidence that her damages did not exceed $75,000.00, but did not do so." *Abachman*, 268 Fed. App'x at 866. Plaintiff failed to respond to

---

[4] The demand letter alleges that the Plaintiff suffered a non-displaced fracture of the lateral femoral condyle (knee), lateral subluxation of the left patella, and suprapatellar effusion. (Doc. No. 1-2.)

[5] In *Abachman*, the Eleventh Circuit relied on plaintiff's demand letter seeking more than $75,000 in damages to establish federal jurisdiction. *Abachman*, 864 Fed. App'x at *5. In *Lazo*, the court relied on an affidavit supplied by defendant attesting to a verbal settlement discussion with plaintiff's counsel. *Lazo*, 2008 WL 926430 at *5.

Defendant's request to stipulate and failed to present any evidence in the Motion to Remand supporting a conclusion that the amount in controversy does not exceed $75,000.[6]

While a "refusal [to stipulate] standing alone does not satisfy [a defendant's] burden of proof on the jurisdictional issue, such a refusal is a relevant consideration, particularly where, as here, the Defendant does not rely solely on the refusal to stipulate. *Gleason v. Roche Labs., Inc.*, No. 3:08-cv-1172-J-12HTS, 2009 WL 728531, at * 1 (citing *Williams*, 269 F.3d at 1319). Furthermore, the Complaint alleges a variety of damages, many of which are continuing in nature, including; pain and suffering, scarring, disability, and loss of ability to earn money. Plaintiff has provided no evidence to suggest that such continuing injuries will result in damages that are in fact less than the amount of $100,000 which she demanded in settlement.

Therefore, the Court concludes that Defendant has met its jurisdictional burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on the settlement amount contained in Plaintiff's demand letter, Plaintiff's failure to stipulate that the amount in controversy does not exceed $75,000, and Plaintiff's failure to

---

[6] In an earlier opinion, the Eleventh circuit affirmed an order denying a motion to remand based on the plaintiff's failure to challenge the defendant's allegation of the amount in controversy and stated: "[p]laintiff presented no evidence to contradict defendant's damages calculations, nor did plaintiff deny the damages exceeded the jurisdictional amount when given the opportunity. Under these circumstances, the district court correctly determined that a defendant carried its burden of establishing removal jurisdiction, and the court's decision to deny plaintiff's remand motion is affirmed. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

otherwise contradict the information contained in the demand letter. Under these circumstances, Plaintiff's Motion to Remand will be denied.

## Conclusion

The Motion to Remand by Plaintiff Danielle Ralph (Doc. No. 12.) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 30, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Party